739 A.2d 465 (1999)
325 N.J. Super. 395
STATE of New Jersey, Plaintiff-Respondent,
v.
Floyd A. BEIERLE, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1999.
Decided November 9, 1999.
*466 Floyd A. Beierle, defendant-appellant, pro se.
Deborah A. Siegrist, Assistant County Prosecutor, for plaintiff-respondent (Robert D. Bernardi, Burlington County Prosecutor, attorney).
Arlene R. Weiss, Senior Deputy Attorney General, for amicus curiae Commissioner, New Jersey Department of Transportation, and Attorney General of the State of New Jersey (John J. Farmer, Jr., Attorney General, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Ms. Weiss, on the brief).
Before Judges D'ANNUNZIO, FALL and BILDER.
The opinion of the court was delivered by FALL, J.A.D.
Defendant, Floyd A. Beierle, appeals from his conviction for speeding in a designated school zone. This appeal raises issues of first impression concerning interpretation and enforcement of signs posting a reduced speed limit in a school zone "when children are present."
Defendant was operating his motor vehicle in Chesterfield Township on Route 528, a county highway, in an easterly direction at or near the Chesterfield Elementary School on Wednesday, May 14, 1997, between the hours of 7:00 p.m. and 8:00 p.m. The posted speed limit for Route 528 is 50 miles per hour; however, a speed limit sign posted adjacent to the school stated: "School ZoneSpeed Limit 35 When Children Are Present." The term "school zone" is defined as,
that portion of a highway which is either contiguous to territory occupied by a school building or is where school crossings are established in the vicinity of a school, upon which are maintained appropriate "school signs" in accordance with specifications adopted by the director[1] and in accordance with law.

[N.J.S.A. 39:1-1.]
While passing the school, defendant was admittedly traveling at the rate of 50 miles per hour in a "school zone." While it was after school hours, there were approximately fifteen to twenty children playing on baseball fields located on the school grounds and clearly visible from Route 528. Defendant was found guilty of traveling in excess of the posted 35 mile per hour limit on the basis that "children were present" within the school zone.[2]
The statutory authority for the regulation of speed in a school zone is contained in the following pertinent portion of N.J.S.A. 39:4-98:
[I]t shall be prima facie lawful for the driver of a vehicle to drive it at a speed not exceeding the following:
a. Twenty-five miles per hour, when passing through a school zone during recess, when the presence of children is clearly visible from the roadway, or while children are going to or leaving school, during opening or closing hours.
[N.J.S.A. 39:4-98(a).]
This statute also permits the Commissioner of Transportation, as to state highways, and municipal or county authorities, with reference to highways under their jurisdiction, to "designate a reasonable and safe speed limit" whenever "it shall be *467 determined ... that any speed hereinbefore set forth is greater or less than is reasonable or safe under the conditions..." N.J.S.A. 39:4-98(c). In accordance with this provision, the school zone speed limit on this county highway had been established at 35 miles per hour by resolution of the Burlington County Board of Chosen Freeholders.
N.J.S.A. 39:4-98 also prescribes the requirements for signs posting the applicable speed limit, as follows:
Appropriate signs giving notice of the speed limits authorized under the provisions of subsection a. and paragraph (2) of subsection b. of this section shall be erected by the commissioner or the municipal or county authorities, as appropriate.
[N.J.S.A. 39:4-98(c).]
The following discretion in establishing the type and location of official traffic control devices is granted to the Commissioner:
The [Commissioner] may determine the character, type, location, placing and operation of all traffic control signal devices on the highways of this State. The [Commissioner] may adopt a manual and specifications for a uniform system of traffic control signals consistent with the provisions of this act for use upon public highways within this State. Such uniform system shall correlate with and so far as possible conform to the system then current as specified in the "Manual on Uniform Traffic Control Devices for Streets and Highways."
[N.J.S.A. 39:4-120.]
N.J.S.A. 39:4-183.27 specifically requires the Commissioner to be "guided by the Manual on Uniform Traffic Control Devices for streets and highways which has been adopted by the Federal Highway Administrator as a national standard for application on all classes of highways."
N.J.A.C. 5:21-4.13 mandates that the design of signs shall follow the Manual on Uniform Traffic Control Devices for Streets and Highways (Manual) published by the United States Department of Transportation. Section 7B of the Manual provides:
The fixed message sign assembly shall consist of a top panel (S4-3), 24" × 8" (the legend SCHOOL in black on a yellow background), a Speed Limit sign (R2-1), 24" × 30", and a bottom panel (S4-1) indicating the specific periods of the day and/or days of the week, when the special school speed limit applies. The bottom panel shall be 24" × 10" (or larger if needed) and shall have a black legend on a white background. Alternate legends such as WHEN CHILDREN ARE PRESENT (S4-2) may be used if permitted by law. The numerical speed limit displayed on the sign shall be the limit established by law.
[Manual on Uniform Traffic Control Devices for Streets and Highways, § 7B-12.]
Here, the school zone speed limit sign was properly authorized and conforms to the design requirements specified in the Manual.
Defendant was convicted in municipal court, the judge interpreting N.J.S.A. 39:4-98(a) and the sign as requiring motorists not to exceed a speed of 35 miles per hour in the school zone at all times of the day whenever children are present. Defendant was fined $50 and costs of $30. Following a trial de novo on the record below in the Law Division, defendant was again convicted and the same sentence was imposed, the judge agreeing that the 35 miles per hour limit was applicable "any time of the day when children are clearly visible from the roadway."
On appeal, defendant presents the following arguments for our consideration:
POINT I
THE PLAIN LANGUAGE OF N.J.S.A. 39:4-98 SPECIFICALLY LIMITS APPLICATION OF THE 25 MILE-PER-HOUR SPEED LIMIT TO SCHOOL *468 RECESSES, OPENING AND CLOSING HOURS.
POINT II
THE PLAIN LANGUAGE OF N.J.S.A. 39:4-98 IS SUPPORTED BY LEGISLATIVE HISTORY AND INTENT.
POINT III
EVEN IF THE TRIAL COURT'S ERRONEOUS INTERPRETATION OF N.J.S.A. 39:4-98 WAS CORRECT, THE EVIDENCE DEMONSTRATES THAT NO CHILDREN WERE MINIMALLY WITHIN 200 FEET OF THE ROADWAY AT THE TIME AND PLACE OF THE ALLEGED TRAFFIC VIOLATION.
Because of the possible statewide ramifications of our decision we, sua sponte, required participation by the Commissioner of Transportation and Attorney General. We now consider the arguments raised by defendant in the order presented.
In his first two arguments defendant contends that the school zone speed limit should be interpreted as only applying during school hours. In its amicus curiae brief, the Commissioner and Attorney General support defendant's position and urge that defendant's conviction be reversed. The Burlington County Prosecutor has advised us, in light of the position of the Commissioner and the Attorney General, it withdraws its opposition to defendant's appeal and joins in moving for reversal.
We are in accord with the interpretation advanced by the Commissioner and Attorney General that N.J.S.A. 39:4-98(a) is only applicable (1) during school hours, but only during recess, when children are clearly visible from the roadway, or (2) when children are going to or leaving school during opening or closing hours of school. Accordingly, the school zone speed limit of 35 miles per hour was not in force at the time defendant was driving his vehicle.
The language contained in N.J.S.A. 39:4-98(a) is somewhat ambiguous because it is not entirely clear from the wording of the statute whether the phrase "when the presence of children is clearly visible from the roadway" applies only "when passing through a school zone during recess," or applies at any time "when passing through a school zone."
When the plain language of a statute is ambiguous, our function is to ascertain the Legislature's intent. Wingate v. Estate of Ryan, 149 N.J. 227, 236, 693 A.2d 457 (1997); State v. Szemple, 135 N.J. 406, 422, 640 A.2d 817 (1994). We are satisfied that the legislative history supports the interpretation advanced by the Commissioner and Attorney General. As originally enacted, N.J.S.A. 39:4-98(a) was applicable "when passing through a school zone during recess, or while children are going to or leaving school, during opening or closing hours." L. 1951, c. 23, § 55. In 1983, N.J.S.A. 39:4-98(a) was amended by adding the language "when the presence of children is clearly visible from the roadway" after the words "during recess." L. 1983, c. 227, § 2. The Statement to the Assembly Committee Substitute for the S-378 and A-1007, the version of the bill that was later enacted, states, in relevant part:
R.S. 39:4-98 presently includes a provision that a driver of a vehicle should not drive at a speed exceeding 25 miles an hour when passing through a school zone during recess. The committee substitute amends that provision so that the 25 mile an hour speed limit only applies for a driver passing through a school zone during recess when the presence of children is clearly visible from the roadway.
[Statement of Assembly Transportation and Communications Committee to Assembly Committee Substitute for S-378 (OCR) and A-1007, February 14, 1983.]
We are satisfied that the legislative history clearly reflects it was not the intent of the Legislature by its 1983 amendment to apply the special speed at all times in a *469 school zone "when children are present." Rather, it was the intent of the Legislature to limit the applicability of the special speed limit in a school zone to those occasions, during recess, "when the presence of children is clearly visible from the roadway," or at times when children are going to or leaving school during opening or closing hours of school.
Having determined that application of the 35 mile per hour school zone speed limitation to defendant's operation of his vehicle on May 14, 1997 was erroneous, we need not address the remaining contention by defendant concerning the proximity of the children to the roadway.
We reverse defendant's convictions and remand the matter to the Law Division for entry of an amended judgment finding defendant not guilty of the motor vehicle speeding charge. We do not retain jurisdiction. Because we reverse, no points or surcharges should be assessed against defendant arising from this May 14, 1997 incident.
NOTES
[1] N.J.S.A. 27:1A-44 transfers all the powers and duties exercised and performed by the Director of the Division of Motor Vehicles in the State Department of Law and Public Safety pursuant to the provisions of chapter 4 of Title 39 to the Commissioner of Transportation of the Department of Transportation.
[2] At argument, defendant advised us that the Division of Motor Vehicles has assessed four points against his motor vehicle operator's license on both the municipal court conviction and on the Law Division conviction, essentially treating them as convictions on separate offenses. If so, that is clearly incorrect.